UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ETHRIDGE,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-02088-AWI-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED AS COGNIZABLE<br><br>[ECF No. 1]<br><br>THIRTY-DAY DEADLINE |

Plaintiff Carl Ethrdige is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on December 28, 2012.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### COMPLAINT ALLEGATIONS

Plaintiff was engaged in a civil rights complaint against prison officials in case number 07-0595 JAH (PCL) in the United States District Court for the Southern District of California, filed on August 2, 2007. Plaintiff was subjected to ongoing serious acts of retaliation by each of the named defendants due to the exercise of his First Amendment right to participate in an official administrative investigation regarding correctional staff/prison guards serious misconduct and criminal activity which resulted in disciplinary action being taken and arrest of involved staff.

On July 16, 2008, the Court dismissed defendants V. Lawrence and M. Vella from case number 07-0595 because he had not exhausted the administrative remedies prior to filing the action. Plaintiff was instructed to re-file the action after he exhausted the administrative remedies as to those defendants.

Plaintiff alleges several instances of retaliatory action due to his exercise of his First Amendment right to file a complaint.

1    Plaintiff was transferred to a level IV facility, despite the fact that serious safety concerns were
2 present. Plaintiff warned defendants that he would be assaulted or killed in a level IV facility, yet the
3 threat was disregarded. The threat was only prevented after the court granted his motion for a
4 temporary restraining order and issued a preliminary injunction preventing the placement of Plaintiff
5 at any level IV facility.
6    Plaintiff had his legal mail from the federal court deliberately withheld for over five months
7 and a stay had to be issued in the legal proceedings because defendants presented to the court that
8 Plaintiff had access to his legal mail. Defendants possessed the legal mail in an effort to get the case
9 dismissed or cause injury to the case. Plaintiff's legal mail was discovered in a box by another inmate.
10    Plaintiff was subjected to a change in his custody to include a "R" suffix that had already been
11 previously removed after the granting of a successful administrative appeal at another institution.
12 Once the "R" suffix is removed it cannot be reapplied unless there is new and compelling information.
13 Defendants' actions were motivated by retaliation because they were willing to violate their own
14 internal policy.
15    Plaintiff was deliberately subjected to prolonged segregation for almost one year based upon a
16 false charge of threatening staff that was later found to be unfounded. Plaintiff was not released until
17 the E-facility Captain retired from the California Department of Corrections and Rehabilitation
18 (CDCR). The captain did not like Plaintiff because he complained about staff and did not like the fact
19 that the court had granted his previous efforts to transfer Plaintiff to a level IV facility.
20    Plaintiff was the subject of acts of retaliation by correctional lieutenant F.A. Rodriguez and
21 correctional officers Reyna and C. Rasey because he was deliberately placed in work assignments that
22 they knew would cause him injury and as a result Plaintiff was injured. Plaintiff was also threatened
23 with physical violence due to his litigation activities and complaints about prison staff. Defendant
24 Reyna referred to Plaintiff as a "rat."
25    Plaintiff was deliberately left on the floor and denied emergency medical treatment and
26 services for over thirty five minutes after having passed out in his cell. While Plaintiff was on the
27 floor semi-conscious, prison staff merely stated "oh it [is] just Ehtridge he likes to rat on staff." As a
28

1  result, Plaintiff's blood pressure became dangerously high and he was taken to the hospital an hour
2  thereafter.
3        Plaintiff was the victim of a violent assault due to the deliberate refusal and prolonged delay in
4  the documentation of critical case information and counseling staff disclosing certain information to
5  another inmate which resulted in the assault.
6        Plaintiff was subjected to a false disciplinary report due to Defendant V. Lawrence refusing to
7  provide him counseling services to his litigation activities.

## III.

## DISCUSSION

### A.     Linkage

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff is required to set forth sufficient factual allegations demonstrating each defendant's personal participation in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Because there is no respondeat superior liability under section 1983, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-677

### B.     Doe Defendants

"John Doe" defendant liability must also be properly alleged. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g. "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different specific person. Plaintiff must also identify how each such named Defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, No. C 09-2921 JSW (PR), 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010).

Although Plaintiff indicates that some Defendants in the complaint can only be identified as "John Doe" because he is currently without his personal property due to his impending transfer, in the narrative portion of his complaint, Plaintiff does not reference any Doe defendant or provide any information about them. Plaintiff will be given leave to amend and he shall either name the

defendants or list the Doe defendants involved and describe what each did to violate his rights.  If Plaintiff can only list certain defendants as John Doe, he should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y."  Alexander v. Tilton, No. 1:07-cv-00759-LJO-DLB (PC), 2009 WL 464486 (E.D. Cal. Feb. 24, 2009).

### C. Retaliation

Prisoners have a First Amendment right to pursue civil rights litigation in the court.  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).  Prisoner may not be retaliated against for exercising their right of access to the courts, and this extends to established prison grievance procedures.  Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), abrogated on other grounds by Shaw v. Murphy, 532 U.S. 223 (2001).  Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d at 567-68; accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was the substantial or motivating factor behind defendants' conduct.  Mt. Healthy City School Dist. Bd. of Educ. V. Doyle, 429 U.S. 274, 287 (1977).  As in any retaliation case, he must show a causal connection between the defendants' retaliatory animus and his subsequent injury.  Hartman v. Moore, 547 U.S. 250, 260 (2005).  In other words, Plaintiff must allege that the unlawful retaliation would not have occurred in the absence of the filing of the civil rights complaint.

Plaintiff's allegations are sufficient to state a cognizable claim for retaliation against named Defendants F.A. Rodriguez, Reyna, C. Rasey, and V. Lawrence.  Although Plaintiff may state other

cognizable retaliation claims against additional Defendants, he must amend the complaint to link those defendants to the alleged constitutional violation.

## IV.
## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim for relief against Defendants F.A. Rodriguez, Reyna, C. Rasey, and V. Lawrence for retaliation. However, Plaintiff's claim does not state any other cognizable claims.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against the Defendants and claims found to be cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff the necessary summons and USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against the defendants and claims found cognizable; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **December 16, 2013**

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28