1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| CARL ETHRIDGE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br><br>RODRIGUEZ, et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: 1:12-cv-02088-AWI-SAB (PC)

FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

[ECF No. 39]

Plaintiff Carl Ethrdige is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## RELEVANT HISTORY

This action is proceeding against Defendants Lawrence, Rodriguez, Rasey and Reyna for retaliation in violation of the First Amendment.

On April 6, 2015, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust the administrative remedies.[1]  (ECF No. 39.)

---

[1] Concurrently with their motion for summary judgment, Defendants served Plaintiff with the requisite notice of the requirements for opposing the motion.  Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).

1

///

On June 15, 2015, Plaintiff filed an opposition, and Defendants filed a reply on June 18, 2015. (ECF Nos. 40, 41.)

**II.**

**DISCUSSION**

**A.      Motion for Summary Judgment Standard**

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion.  Jones v. Bock, 549 U.S. 199, 216 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a).  Albino v. Baca, 747 F.3d 1162, 1168-69 (9th Cir. 2014) (en banc).  Following the decision in Albino, Defendants may raise exhaustion deficiencies as an affirmative defense under §1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[2] or (2) a motion for summary judgment under Rule 56 if it has been pled and preserved.  Id.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

Any party may move for summary judgment.  The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks

---

[2] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint."  Albino, 747 F.3d at 1169.

2

omitted).  The Court may consider other materials in the record not cited to by the parties, but is not required to do so.  Fed. R. Civ. P. 56(c)(3); <u>Carmen v. San Francisco Unified School Dist.</u>, 237 F.3d 1026, 1031 (9th Cir. 2001); <u>accord</u> <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1017 (9th Cir. 2010).

Unlike a motion for summary judgment on the merits of a plaintiff's claim(s) where a defendant does not bear the burden of proof at trial and in moving for summary judgment, whether the PLRA exhaustion standard has been met is an affirmative defense.  <u>Wyatt</u>, 315 F.3d at 1119.  Thus, "defendants have the burden of raising and proving the absence of exhaustion."  <u>Id.</u>  "[T]there can be no 'absence of exhaustion' unless some relief remains 'available,' a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process."  <u>Brown v. Valoff</u>, 422 F.3d 926, 937 (9th Cir. 2005).  Relevant evidence includes "statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case, such as in the response memoranda in these cases.  With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs [a] determination of whether relief was, as a practical matter, 'available.'"  <u>Id.</u>, at 937.

If Defendants meet this initial burden, the burden then shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  <u>Albino</u>, 747 F.3d at 1172, citing <u>Hilao v. Estate of Marcos</u>, 103 F.3d 767, 778 (9th Cir. 1996) ("[T]he burden shifts to the plaintiff to rebut by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.")  Plaintiff must meet this burden by showing ". . . more than the mere existence of a scintilla of evidence."  <u>In re Oracle Corp.</u>, 627 F.3d at 387 (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986)).  "However, as required by <u>Jones</u>, the ultimate burden of proof remains with the defendant."  <u>Albino</u>, 747 F.3d at 1172.

3

In judging the evidence at the summary judgment stage, the Court must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, <u>Comite de Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted).  The Court determines *only* whether there is a genuine issue for trial and, in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner.  <u>Thomas v. Ponder</u>, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### B.    Exhaustion under the Prisoner Litigation Reform Act

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion.  <u>Jones</u>, 549 U.S. at 216; <u>Albino v. Baca</u>, 747 F.3d 1162, 1171 (9th Cir. 2014); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings.  <u>Albino</u>, 747 F.3d at 1170.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  <u>Jones</u>, 549 U.S. at 223-24; <u>Lira v. Herrera</u>, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15,

4

§ 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c).  Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level.  Tit. 15, § 3084.5.  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201.  On January 28, 2011, the inmate appeals process was modified and limited to three level of review with provisions allowing the first level to be bypassed under specific circumstances.  Cal. Code Regs. tit. 15, § 3084.7.

"[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances."  Jones v. Bock, 549 U.S. 199, 219 (2007).  "The level of detail necessary in a grievance to comply with the grievances procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  Id.

### C.    Allegations of Complaint

Plaintiff is an inmate incarcerated within the California Department of Corrections and Rehabilitation.  He was housed at the California Substance Abuse Treatment Facility ("SATF") from April 26, 2007 to March 27, 2008, and from July 8, 2008 to December 26, 2012.

Plaintiff claims that prison Defendants, prison staff at SATF, retaliated against him because he engaged in a civil rights lawsuit involving prison staff and because he participated in administrative investigations of prison staff regarding allegations of misconduct and criminal activity.

Plaintiff was the subject of acts of retaliation by correctional lieutenant F.A. Rodriguez and correctional officers Reyna and C. Rasey because he was deliberately placed in work assignments that they knew would cause him injury and as a result Plaintiff was injured.  Plaintiff was also threatened with physical violence due to his litigation activities and complaints about prison staff.  Defendant Reyna referred to Plaintiff as a "rat."

Plaintiff was deliberately left on the floor and denied emergency medical treatment and services for over thirty five minutes after having passed out in his cell.  While Plaintiff was on the floor semi-conscious, prison staff merely stated "oh it [is] just Ehtridge he likes to rat on staff."  As a

5

result, Plaintiff's blood pressure became dangerously high and he was taken to the hospital an hour thereafter.

Plaintiff was the victim of a violent assault due to the deliberate refusal and prolonged delay in the documentation of critical case information and counseling staff disclosing certain information to another inmate which resulted in the assault. Plaintiff was subjected to a false disciplinary report due to Defendant V. Lawrence refusing to provide him counseling services to his litigation activities.

**D.    Discussion**

1.    Defendants' Motion for Summary Judgment

Defendants submit that Plaintiff filed only one Form 602 appeal, institutional log number SATF-08-1186, with a subject matter of, or references to, claims of retaliation against him by prison staff. This appeal was received for first level review on February 15, 2008. In this appeal Plaintiff claimed he was being retained in administrative segregation status in an act of retaliation by ISU officers Jiminez and Couch due to his litigation and his cooperation with the prison Office of Internal Affairs ("OIA"). This appeal was withdrawn by Plaintiff before it was decided at the first level of review. (Hildreth Decl. ¶ 5, Ex. B; Voong Decl. ¶ 5.)

However, Plaintiff did submit other appeals which Defendants submit he may argue suffice to exhaust the administrative remedies. Plaintiff submitted a Form 602 appeal, institutional log number SATF-09-1866. This appeal makes no references to prison staff retaliating against Plaintiff, and does not identify any Defendant by name. In this appeal Plaintiff requested to be removed and reassigned from a job assignment that put him in proximity to machinery, as he had a chrono stating that he should not work around moving machinery or sharp objects. The response to this appeal at the informal level was to place Plaintiff on a vocational waiting list, and directed him to consult with his counselor for a reassignment. Dissatisfied because his counselor would not remove him from his vocational shop position, Plaintiff submitted the appeal for first level review, and the response was to assign him to a job in painting. Plaintiff submitted the appeal for second and third level reviews, requesting to be removed from the painting shop job because he was having migraine headaches that were worsened by chemicals in the shop. The appeal was denied at the second and third levels of review. (Voong Decl. ¶ 6, Ex. B.)

Plaintiff's Form 602 appeal, institutional log number SATF-12-00275, was received at first level review on December 30, 2012.  This appeal makes no reference to prison staff retaliating against Plaintiff.  In this appeal Plaintiff requested to be removed from an educational assignment because he had Multiple Sclerosis medical issues.  This appeal was granted at the first level response, and Plaintiff was removed from the educational assignment and assigned as a building porter with limited duties.  Plaintiff submitted the appeal to second level review, claiming the new assignment was not being honored by prison staff.  The appeal was partially granted at the second level, with Plaintiff being given an explanation that he had reported for the new job assignment before the effective date.  Plaintiff submitted the appeal for third level review, claiming he had been injured as a result of being placed in a job assignment that he was physically unable to do.  This appeal was denied at third level review in a decision dated August 24, 2012, and the decision states that Plaintiff had added a new issue at the third level review that had not been included previously and was not address by the denial, as it was inappropriate to expand the appeal beyond the original issue stated.  This appeal does not reference by name Defendants Rodriguez, Reyna or Lawrence.  This appeal references Defendant Rasey by name, but only in Plaintiff's submittal of the appeal to the third level of review.  (Voong Decl. ¶ 6, Ex. C.)

Plaintiff's Form 602 appeal, institutional log number SATF-12-02773, was received at the first level on June 7, 2012.  This appeal makes no reference to prison staff retaliating against Plaintiff.  This appeal does not reference any Defendant by name.  In this appeal Plaintiff stated he had slipped and fallen on a wet floor in the dining hall, and requested not to be assigned to any job that would cause him injury.  The appeal was partially granted at the first level, and Plaintiff was unassigned from his dining hall position and was put on a waiting list for support services.  Plaintiff submitted the appeal to second level review, contending that his medical conditions had not been properly documented, and it was denied.  Plaintiff submitted the appeal to third level review, contending it had not been handled properly, and it was denied.  (Voong Decl. ¶ 6, Ex. E.)

Plaintiff submitted a Form 602 appeal, institutional log number SATF-E-12-02953, on June 6, 2012.  This appeal makes no reference to prison staff retaliating against Plaintiff.  In this appeal Plaintiff contended Defendant Rasey failed to exercise professional judgment, exposing Plaintiff to

dangerous work conditions.   This appeal was cancelled in screening at the first level review on June 21, 2012, because it was duplicative of Plaintiff's appeal number SATF-12-02773.   (Hildreth Decl. ¶ 6, Ex. C.)

Plaintiff submitted a Form 602 appeal, institutional log number SATF-12-03230, received at the first level of review on July 10, 2012.   By this appeal Plaintiff appealed the decision to cancel his appeal number SATF-E-12-02953 regarding staff misconduct as duplicative of his appeal number SATF-12-02773.   Appeal number SATF-12-03230 was denied at the third level of review in a decision dated October 4, 2012.   (Voong Decl. ¶ 6, Ex. D.)

Defendants submit that none of the appeals submitted by Plaintiff served to exhaust the administrative remedies as to claims against the Defendants in this action and all Defendants are entitled to summary judgment.

2.       Plaintiff's Opposition

Plaintiff argues he has exhausted the administrative remedies because the CDCR grievance form directs prisoners to "describe problem and action requested."   Plaintiff contends that his inmate grievances implicated each of the Defendants by way of their assignments and responsibilities even if he did not specifically name each Defendant.   Each Defendant was responsible for Plaintiff being deliberately placed in dangerous work assignments and the PLRA does not require that Plaintiff identify the legal theory upon which he proceeds against each Defendant.

3.       Defendants' Reply

Defendants argue the wording on the grievance form is consistent with the requirement under the regulations that an inmate's appeal must "describe the specific issue under appeal and the relief requested."   Cal. Code Regs. tit. 15, § 3084.2(a).   Plaintiff does not contend that he was ignorant of the regulations or that he was somehow misled by the form's wording.   Defendants note that the Form 602 was in a format of blanks to be completed for sections entitled "describe problem" and "action requested" only for the chronologically first two appeals submitted by Plaintiff among those identified in Defendants' motion, numbers SATF-08-1186 and SATF-09-01866.   However, these two appeals do not address the issues or individuals that are the subject of the instant action, and the appeals submitted in 2008 and 2009 are remote in time from the events at issue.   All other appeals submitted

by Plaintiff, are in a revised format of blanks to briefly state the subject of the appeal, to explain the issue, and to state the action requested.  Defendants submit that pre-printed wording on the Form 602 is not a basis for Plaintiff to have exhausted under the appeals he submitted.

Plaintiff does not dispute that he did not name Defendants in his appeals, but rather argues they are "implicated" by way of their job assignments and responsibilities.  However, Defendants argue the regulations in effect since 2011, directly contradict Plaintiff's argument.  Defendants further argue that Plaintiff does not identify any specific appeal(s) that exhausted the claims against the defendants in this action.  Furthermore, Defendants submit that Plaintiff concedes his appeals do not reference the issue of retaliation but argues because retaliation is a legal theory it need not be stated in the grievance.  Defendants argue that although "retaliation" is a legal theory, the inmate appeal must provide a factual scenario comprising the retaliation claim in order to properly exhaust the remedies. Defendants point out that Plaintiff filed an inmate appeal relating to a claim of retaliation against officers, who are not parties to the present actions, in appeal number SATF-M-08-1186, and Plaintiff's argument that he need not reference retaliation is disingenuous.

   4.   Analysis and Findings

The Court will address each of the inmate grievances filed by Plaintiff and referenced by Defendants in their motion for summary judgment.

   **a.   Appeal Number SATF-09-01866**

Plaintiff submitted appeal log number SATF-09-01866, in which he requested to be removed and reassigned from a prison job that put him in proximity to machinery, as he had a chrono[3] stating that he should not work around moving machinery or sharp objects.  (Voong Decl. ¶ 6, Ex. B.) Plaintiff specifically stated as follows:

> Describe Problem: I have been deliberately placed in an assignment that is a threat to my health and safety.  See attached medical chrono and attached job assignment

---

[3] A medical "chrono" is a recommendation, usually related to an inmate's medical condition or course of treatment, issued by a prison physician.  See, e.g., Cal. Code Regs. tit. 15, § 3043.5(d) (describing the medical chrono also known as "Form 128-C"); see generally Cal. Code Regs. tit. 15, § 3000 (defining "general chrono" written on CDC Form 128-B "which is used to document information about inmates and inmate behavior.").

chrono.  I am a hard worker and a programming inmate your professional assistance is appreciated.  [Cannot] be around machinery, sharp objects.

Action Requested: I would like to be removed from that assignment and considered for placement as 4 Block 3rd watch tier tender, yard crew or kitchen worker.  I am med-A and food handling cleared.  Although I would appreciate placement yard crew.

(Voong Decl., Ex. B.)

This appeal makes no reference to prison staff retaliating against Plaintiff.  (Id.)   At the first level response, Plaintiff was moved to a job in painting.  Plaintiff submitted the appeal to the second and third level reviews requesting reassignment from the painting job because of migraines that were worsened by chemicals in the paint shop.  The appeal was denied at both levels of review.  (Id.)

Defendants correctly submit that this appeal is similar to the complaint's allegations against Defendants Rodriguez, Rasey and Reyna only to the extent it concerns Plaintiff's work assignments. However, the appeal does not raise or relate to Defendants' alleged misconduct of retaliation by placing Plaintiff in a work assignment which they knew would injure him, that he was threatened with violence, or that the placement was done with a retaliatory motive.  (Id.)  In 2009, at the time this appeal was submitted and decided, the regulations required an appeal describe the specific issue under appeal and the relief requested.  (Cal. Code Regs. tit. 15, § 3084.2(a) (Oct. 15, 2009).)  The regulations at that time[4] did not require the inmate to list by name the individuals against whom the grievance was made.  However, where a prison system's grievance procedures do not specify the requisite level of detail for inmate appeals, a grievance satisfies the administrative exhaustion requirement if it "alerts the prison to the nature of the wrong for which redress is sought."  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).   The Court finds that Plaintiff's appeal of his work assignment did not suffice to exhaust his retaliation claim against Defendants Rodriguez, Rasey and Reyna because the appeal did not place prison officials on notice that these Defendants were retaliating against Plaintiff by intentionally placing him in a work assignment that would give rise to injury simply because he engaged in prior activity protected by the First Amendment. Cal. Code Regs. tit. 15, § 3084.2(a);

---

[4] As discussed below, the requirement to identify by name the persons against whom the grievance is made was added to the regulations that were revised in 2011.

Sapp, 623 F.3d at 824.  Although Plaintiff mentions being deliberately placed in a work assignment that is a threat to his health and safety, there is no reference to any individual placing Plaintiff in a work assignment which that person knew would injure Plaintiff, or that any prison staff threatened Plaintiff with violence. (Voong Decl. Ex. B.)  Nor is there any mention of any retaliatory conduct.  It is not the placement or retention of Plaintiff in alleged dangerous job/educational assignments which gave rise to a cognizable constitutional violation in this action.  Rather, it was Plaintiff's allegations that he was subjected to adverse action, i.e. placement/retention in dangerous work conditions which resulted in physical injury, in *retaliation* for filing prior complaints and/or grievances against Defendants.  Furthermore, Plaintiff's request for relief was limited to reassignment to a new work placement, there is no mention whatsoever as to any action to be taken against staff for alleged retaliatory action.  Even under the prior regulations, which required only a description of the problem and constituted a "low floor," Griffin v. Arpaio, 557 F.3d at 1120, Plaintiff's appeal would not have sufficed to alert prison officials to the nature of the wrong for which redress is now sought, Sapp, 623 F.3d at 824 (quotation marks omitted); accord Akhtar v. Mesa, 698 F.3d 1202, 1211 (9th Cir. 2012). Accordingly, this grievance does not serve to exhaust the administrative remedies for Plaintiff's retaliation claims.

### b.    Appeal Number SATF-12-00275

On December 30, 2011, Plaintiff submitted appeal number SATF-12-00275 to the first level of review.  In this appeal, Plaintiff requested to be removed from an educational assignment because of medical issues.  (Voong Decl. ¶ 6, Ex. C.)  This appeal makes no reference to prison staff retaliating against Plaintiff.  (Id.)  In this first level response, Plaintiff was removed and assigned to a position as building porter with limited duties.  Plaintiff submitted the appeal to the second level of review, claiming the new assignment was not being honored by prison staff.  (Id.)

Plaintiff subsequently submitted the appeal for third level of review, claiming he had been injured as a result of being placed in a job assignment that he was physically unable to do.  (Id.)  The appeal was denied on August 24, 2012, and the decision specifically states that Plaintiff added a new issue (claim of injury) to his third level submittal that had not been included previously, such that it was improper and not addressed by the denial decision.

When the appeal was initially submitted to first level review, the appeal did not list any Defendant or describe any Defendant as involved in the issue presented.   (Voong Decl. at Ex. C.) However, in submitting the appeal for third level review and explaining his dissatisfaction with the second level review, Plaintiff complained that he "was injured in the E-dining as a result of being placed in a job assigned I was physically incapable of doing I suffered a concussion and sprain neck. [D]ining hall c/o Rasey and correctional cook V. Manchaca left me in those dangerous work conditions [and] … porter only contributed to my being subsequently injured." (Id.)  No Defendant other than Rasey is listed or identified by name in any of Plaintiff's submissions of this appeal.

In 2011, the regulations were revised to specifically state:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue.  To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal.

Cal. Code. Regs. tit. 15, § 3084.2(a)(3) (July 28, 2011).  Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested."  Cal. Code Regs. tit. 15, § 3084.2(a)(4).

Plaintiff failed to list or name any Defendant other than Rasey, and therefore failed to comply with the applicable regulations and did not exhaust the administrative remedies.  With regard to Defendant Rasey, because he was not listed or named in the original grievance, and was only added at the third level for review, Plaintiff did not exhaust any claim as to Defendant Rasey.  Indeed, the third level response noted that Plaintiff added a new issue at the third level review which was not addressed because it is not appropriate to expand the appeal beyond the original stated issue and requested action.  (Voong Decl. at Ex. C.)  Administrative remedies are not exhausted as to any new issue, information or person later named by the appellant prisoner that was not included in the originally submitted CDCR Form 602 and addressed through all required levels of administrative review up to and including the third level.  (Cal. Code Regs. tit. 15, § 3084.1(b) (2012).)  Accordingly, this appeal did not serve to exhaust any claims against any Defendants in this action even though it was denied at the third level of review.

### c.     Appeal Number SATF-12-02773

On June 7, 2012, Plaintiff submitted appeal number SATF-12-02773 to the first level review. In this appeal, Plaintiff stated that he had slipped and fallen on a wet floor in the dining hall, and requested not to be assigned to any job that would cause him injury.  (Voong Decl. ¶ 6, Ex. E.)  The only similarity between this appeal and the complaint's allegations is that it references to prison work assignments and a resulting injury.  However, this appeal makes no reference to prison staff retaliating against Plaintiff.

 The appeal was partially granted at the first level, and Plaintiff was unassigned from his dining hall position and was put on a waiting list for support services.  Plaintiff submitted the appeal to the second level of review, contending that his medical conditions had not been properly documented.  Plaintiff's second level appeal was denied.  Plaintiff submitted the appeal to the third level of review, contending it had not been handled properly, and the appeal was denied.  (Voong Decl., ¶ 6, Ex. E.)  Based on the content of this appeal, it could not and did not serve to exhaust the administrative remedies for the claims of retaliation alleged in this action.

### d.     Appeal Number SATF-E-12-02953

On June 6, 2012, Plaintiff submitted appeal number SATF-E-12-02953.  In this appeal, Plaintiff contended that Defendant Rasey failed to exercise professional judgment, exposing Plaintiff to dangerous work conditions.  This appeal makes no references to prison staff retaliating against Plaintiff.  This appeal was cancelled in screening at the first level review on June 21, 2012, because it was duplicative of Plaintiff's appeal number SATF-12-02773.  (Hildreth Decl. ¶ 6, Ex. C.)

### e.     Appeal Number SATF-12-03230

Plaintiff submitted a Form 602 appeal, institutional log number SATF-12-03230, received at the first level of review on July 10, 2012.  By this appeal, Plaintiff appealed the decision to cancel his appeal number SATF-12-02953 regarding staff misconduct as duplicative of his appeal number SATF-12-02773.  Appeal number SATF-12-03230 was denied at the third level of review in a decision dated October 4, 2012.  (Voong Decl. ¶ 6, Ex. D.)

For the reasons set forth herein, the Court finds that Plaintiff failed to exhaust the available administrative remedies as to his claims in this action.  None of the above referenced appeals grieved

Plaintiff's claim of retaliation and did not suffice to exhaust the claims.  Defendants have met their burden of demonstrating that Plaintiff failed to exhaust the administrative remedies with respect to the retaliation claims in this action.  While Plaintiff is correct that "retaliation" is a legal theory, in order to exhaust the administrative remedies there must be a factual scenario comprising the retaliation claim.  Plaintiff has failed to refute Defendants' evidence and although Plaintiff contends that he exhausted the administrative remedies, the pertinent appeals submitted by Defendants contradict such argument.  Accordingly, Plaintiff did not provide prison officials sufficient notice of the problem and ability to correct such issue prior to litigation in this Court, and Defendants' motion for summary judgment should be granted.

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Defendants' motion for summary judgment be GRANTED; and

2.      Judgment be entered in favor of Defendants.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   __November 13, 2015__

UNITED STATES MAGISTRATE JUDGE

14